USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 5/8/18

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
                                                             :
YU LING SHEN,                                                :
                                                             :        17 Civ. 1556 (PAE)
                              Plaintiff,                     :
                                                             :        OPINION & ORDER
            -v-                                              :
                                                             :
XUE MEI CHEN, "JOHN" DONG, and 466 AMAZE                     :
CORP, d/b/a AMAZE FUSION LOUNGE,                             :
                                                             :
                              Defendants.                    :
                                                             :
------------------------------------------------------------ X

PAUL A. ENGELMAYER, District Judge:

Plaintiff Yu Ling Shen ("Shen") brings this action pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") and New York Labor Law, N.Y. Lab. Law. § 650, *et seq.* ("NYLL"), alleging that defendants Xue Mei Chen ("Chen"), "John" Dong, and 466 Amaze Corp. ("466 Amaze") did not pay her and other employees minimum wages and overtime-premium pay at their restaurant, Amaze Fusion & Lounge ("Amaze"), in violation of the FLSA and NYLL.

Pending now is defendant Chen's motion for summary judgment under Federal Rule of Civil Procedure Rule 56. Chen argues that she is not an employer under the FLSA and should be dismissed as a defendant. For the reasons that follow, the Court finds genuine disputes of fact exist regarding whether Chen is an employer under the FLSA, and denies Chen's motion.

1

I.  **Background**

   A.  **Facts**[1]

Amaze is a restaurant located at 466 Amsterdam Ave. in Manhattan. Compl. ¶ 10. 466 Amaze Corp. is a New York corporation that owns the restaurant. *Id.* ¶¶ 9–10. Chen is the principal and sole shareholder of 466 Amaze Corp. Pl. Counter 56.1 ¶¶ 2, 3.

Shen alleges that from July 2, 2014 until September 26, 2014, he was employed by defendants as a kitchen helper at Amaze. Compl. ¶ 34. Shen estimates that, during his employment, he worked approximately 76 hours per week and was paid around $1,800 a month.[2] *Id.* ¶ 36. He alleges that he worked more than 10 hours each day, with less than an uninterrupted 30–minute break per day and one day off each week. *Id.* ¶¶ 37–38. Despite working more than

---

[1] The Court bases its account of the facts from the parties' submissions on the motion for summary judgment, including defendants' Statement Pursuant to Local Civil Rule 56.1, *see* Dkt. 32 ("Def. 56.1"); plaintiffs' counter-statement, *see* Dkt. 34 ("Pl. Counter 56.1"); and defendants' counter-statement, *see* Dkt. 37; the Declaration of Xue Mei Chen in support of defendants' motion, Dkt. 30 ("Chen Decl."); the Declaration of Michael Brand in support of defendants' motion, Dkt. 31 ("Brand Decl."), and attached exhibits; and the Declaration of Phillip H. Kim in opposition to defendants' motion, Dkt. 35 ("Kim Decl."), with attached exhibits.

Citations to a party's 56.1 statement incorporate the evidentiary materials cited therein. When facts stated in a party's 56.1 statement are supported by testimonial, video, or documentary evidence and not denied by the other party, or denied by a party without citation to conflicting admissible evidence, the Court finds such facts to be true. *See* S.D.N.Y. Local Civil Rule 56.1(c) ("Each numbered paragraph in the statement of material facts set forth in the statement required to be served by the moving party will be deemed to be admitted for purposes of the motion unless specifically controverted by a correspondingly numbered paragraph in statement required to be served by the opposing party."); *id.* Rule 56.1(d) ("Each statement by the movant or opponent . . . controverting any statement of material fact[] must be followed by citation to evidence which would be admissible, set forth as required by Fed. R. Civ. P. 56(c).").

The Court relies on the allegations in Shen's complaint, Dkt. 1 ("Compl."), solely to recite facts not in dispute on this motion—*i.e.*, the existence and address of the Amaze restaurant, and Shen's work there.

[2] Shen confusingly represents that he worked "seventy-six (70)" hours per week. Compl. ¶ 36. It is not clear whether Shen's claim is of a 76- or 70-hour workweek, but this ambiguity has no bearing on the instant summary judgment motion.

40 hours per week and for more than 10 hours each day, Shen alleges, defendants did not pay him overtime compensation or "spread of hours" premium pay as required by the FLSA and by NYLL and its implementing regulations. *Id.* ¶ 42.

### B. Procedural History

On March 2, 2017, Shen filed a complaint against Chen, Dong, and 466 Amaze Corp., alleging violations of the FLSA and NYLL. Dkt. 1. On May 30, 2017, after defendants failed to respond to the Complaint, Shen asked the Court to enter a default judgment, Dkt. 9; on May 31, 2017, the Court did so. Dkt. 11. On July 18, 2017, the parties filed a stipulation to vacate that default and extend defendants' time to answer, Dkt. 12; on July 19, 2017, the Court so ordered the stipulation. Dkt. 13.

On February 23, 2018, after the close of discovery, Chen filed the instant motion for partial summary judgment, Dkt. 28, seeking to dismiss all claims against her. *See also* Dkts. 29 ("Def. Br."), 30, 31. On March 9, 2018, plaintiff filed a memorandum of law in opposition, Dkt. 33 ("Pl. Br."), and an accompanying declaration, Dkt. 35. On March 16, 2018, Chen filed a reply, Dkt. 36 ("Def. Reply Br."), and a counter-statement of facts in further support of her motion, Dkt. 37.

## II. Applicable Legal Standards

### A. Standard for Summary Judgment

To prevail on a motion for summary judgment, the movant must "show[] that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant bears the burden of demonstrating the absence of a question of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

3

When the movant has properly supported its motion with evidentiary materials, the opposing party must establish a genuine issue of fact by "citing to particular parts of materials in the record." Fed. R. Civ. P. 56(c)(1); *see also Wright v. Goord*, 554 F.3d 255, 266 (2d Cir. 2009). But "the burden of the nonmovant to respond arises only if the motion is properly 'supported'—and therefore summary judgment only is 'appropriate' when the moving party has met its burden of production under Fed. R. Civ. P. 56(c) 'to show initially the absence of a genuine issue concerning any material fact.'" *Amaker v. Foley*, 274 F.3d 677, 681 (2d Cir. 2001) (Sotomayor, J.) (quoting *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159 (1970)). "If the evidence adduced in support of the summary judgment motion does not meet this burden, 'summary judgment must be denied *even if no opposing evidentiary matter is presented.*'" *Id.* (quoting *Adickes*, 398 U.S. at 160).

An issue of fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *SCR Joint Venture L.P. v. Warshawsky*, 559 F.3d 133, 137 (2d Cir. 2009). "[A] party may not rely on mere speculation or conjecture as to the true nature of the facts to overcome a motion for summary judgment." *Hicks v. Baines*, 593 F.3d 159, 166 (2d Cir. 2010) (internal quotation marks and citation omitted). "Only disputes over facts that might affect the outcome of the suit under the governing law" will preclude a grant of summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In determining whether there are genuine issues of material fact, the Court is "required to resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought." *Johnson v. Killian*, 680 F.3d 234, 236 (2d Cir. 2012) (quoting *Terry v. Ashcroft*, 336 F.3d 128, 137 (2d Cir. 2003)).

## B. The Definition of Employer Under the FLSA and NYLL

The FLSA defines an employer as "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d). Although the FLSA thus lacks a definition that "solves problems as to the limits of the employer-employee relationship under the Act," *Rutherford Food Corp. v. McComb*, 331 U.S. 722, 728 (1947), the Supreme Court "has consistently construed the Act liberally to apply to the furthest reaches consistent with congressional direction," *Tony & Susan Alamo Found. v. Sec'y of Labor*, 471 U.S. 290, 296 (1985) (internal quotation marks and citation omitted).

The central question in determining whether a person or entity is an employer under the FLSA is "whether the alleged employer possessed the power to control the workers in question . . . with an eye to the 'economic reality' presented by the facts of each case." *Herman v. RSR Sec. Servs. Ltd.*, 172 F.3d 132, 139 (2d Cir. 1999) (citations omitted). The Second Circuit instructs that four factors ought to guide application of this "economic reality" test: whether the alleged employer "(1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." *Id.* A court must consider the totality of the circumstances in applying the test. *Barfield v. N.Y.C. Health & Hosps. Corp.*, 537 F.3d 132, 141–42 (2d Cir. 2008). "The economic realities test applies equally to supervisors and owners." *Franco v. Jubilee First Avenue Corp.*, 14-cv-7729 (SN), 2016 WL 4487788, at *5 (S.D.N.Y. Aug. 25, 2016).

Whether an individual qualifies as an employer is substantially similar under the FLSA and NYLL, and courts commonly apply FLSA case law in deciding cases under both statutes. *See, e.g.*, *Franco*, 2016 WL 4487788, at *5; *Racquer v. Café Buon Gusto Corp.*, 11-cv-7774

5

(PAE), 2012 WL 4494882, at *3 (S.D.N.Y. Sept. 28, 2012); *Yu G. Ke v. Saigon Grill, Inc.*, 595 F. Supp. 2d 240, 254 n.48 (S.D.N.Y. 2008).[3]

Whether an individual is an employer is ultimately a question of law, but questions "of fact . . . underlie each of the relevant factors [of the economic realities test]," including the "existence and degree of each factor." *Ling Nan Zheng v. Liberty Apparel Co., Inc.*, 617 F.3d 182, 184–85 (2d Cir. 2010) (citations omitted).

### III. Discussion

Chen argues that she is entitled to summary judgment because she cannot be shown to have been an employer under the FLSA and NYLL. She argues that she lacked the requisite control over Amaze to satisfy the factors needed to find her an employer under the economic reality test. As the moving party, Chen bears the burden of demonstrating the absence of a question of material fact on this issue. *Celotex Corp.*, 477 U.S. at 322.

In arguing that Chen lacked control over Amaze, Chen points to two pieces of record evidence: Chen's own Declaration, Dkt. 30 ("Chen Decl."), and Shen's deposition testimony, Dkt. 31-5 ("Shen Dep.").

In her declaration, Chen attests that she does not manage the Amaze restaurant or its employees, Chen Decl. ¶¶ 2–3, has never hired or fired an employee at the restaurant, *id.* ¶¶ 6–7, lacks the authority to do so, *id.* ¶ 9, and does not pay employees or set their schedules, *id.* ¶¶ 4–5. Chen admits, however, that she is an officer of 466 Amaze Corp. *Id.* ¶ 13. She further admits that she has access to the company's business records, although she denies maintaining them. *Id.*

---

[3] More recently, courts have drawn some distinction between the two statutory standards. *See Hart v. Rick's Caberet Intern, Inc.*, 967 F. Supp. 2d 901, 922–23 (S.D.N.Y. 2013) (collecting cases). Here, the parties' briefs apply case law under the FLSA. There is no reason to conclude that any distinction between the FLSA and NYLL standards would yield a divergent outcome.

Chen argues that her declaration would not permit the conclusion that Chen's involvement with 466 Amaze satisfied any of the four "economic reality" test factors. Def. Br. at 7.

As for Shen's deposition, Chen notes that Shen attests to a lack of knowledge regarding Chen's responsibilities at the restaurant. Shen, Chen notes, was unable to identify Chen as having been his boss at the Amaze restaurant. *See* Shen Dep. at 65, 71. Shen's deposition, however, has limited probative value. The economic reality test turns on whether the putative employer controlled the establishment's employees, not on the plaintiff employee's awareness of the management structure of the business. *See Herman*, 172 F.3d at 139. To qualify as an employer under the FLSA, a defendant does not need even to "have directly come into contact with the plaintiffs." *Iziarry v. Catsimatidis*, 722 F.3d 99, 110 (2d Cir. 2013). The four factors can be satisfied by evidence independent of the plaintiff employee's involvement or knowledge.

The dispositive issue here is whether, in the face of the evidence Chen adduces of her lack of control over Amaze and its employees, Shen has adduced sufficient evidence of the contrary to raise a genuine dispute of fact. As Shen correctly observes, defendants' joint responses to Shen's interrogatories themselves establish a genuine question of fact as to Chen's responsibilities with 466 Amaze Corp. *See* Dkt. 35-1 ("Interrogatory Responses"). In those responses, defendants, including Chen herself, commit that Chen alone had personal knowledge about 466 Amaze Corp.'s gross volume of sales, Interrogatory Responses at 12–13; that Chen was the only "shareholder or other person who has or had an ownership interest in Corporate Defendant," *id.* at 15; that Chen alone was an officer or director of 466 Amaze Corp., *id.* at 15–16; and, most vitally, that Chen was the only "person with knowledge of Defendant's policies and practices with respect to paying their employees," *id.* at 22.

7

These interrogatory responses, viewed together, supply a sufficient basis on which a reasonable jury could conclude that Chen served as the sole shareholder, officer, and director of 466 Amaze, and that Chen had responsibility for the restaurant's practices with regard to employee compensation. To be sure, different inferences conceivably could be drawn from the interrogatories. But, on summary judgment, "[t]he evidence of the party opposing summary judgment is 'to be believed, and all justifiable inferences are to be drawn in [that party's] favor.'" *Graham v. Henderson*, 89 F.3d 75, 79 (2d Cir. 1996) (quoting *Anderson*, 447 U.S. at 250). Here, a reasonable jury could certainly infer from defendants' interrogatory responses that Chen possessed the authority to hire and fire employees, supervise or control work schedules or conditions of employment, determine the rate and method of employee pay, and/or maintain employment records. Such an inference is all the more plausible given the absence of any evidence indicating that anyone other than she had these responsibilities.

The Court therefore denies Chen's motion for summary judgment. It will be for a jury to decide, based on all evidence received at trial and the reasonable inferences therefrom, whether Chen controlled Amaze and its employees.

## CONCLUSION

For the foregoing reasons, the Court denies Chen's motion for summary judgment. The Clerk of the Court is respectfully directed to terminate the motion pending at Dkt. 28.

This case will now proceed to trial. Accordingly, the parties are hereby directed to submit, within two weeks of today, a proposed joint pretrial order consistent with the Court's individual rules. Upon review of that filing, the Court will schedule a final pretrial conference and set a trial date.

SO ORDERED.

Paul A. Engelmayer
United States District Judge

Dated: May 8, 2018
New York, New York