# HANG & ASSOCIATES, PLLC
ATTORNEYS AT LAW
136-20 38th Avenue, Suite 10G
Flushing, New York 11354

July 11, 2018

Phillip H. Kim, Esq.
Tel : (718) 353-8588
Fax: (718) 353-6288
Email: pkim@hanglaw.com

**VIA ECF**
Hon. James L. Cott
United States Magistrate Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

   Re: Shen v. Chen et al
     Case No. 17-cv-1556

Dear Hon. James L. Cott:

  Plaintiff Yu Ling Shen ("Plaintiff") and Defendants Xue Mei Chen, "John" Dong, and 466 Amaze Corp (collectively, "Defendants") respectfully request that Your Honor approve the settlement reached in this matter. A copy of the proposed settlement agreement is annexed herein as **Exhibit A**.

  **Settlement Amount**

  Both parties believe that the settlement amount is fair and reasonable. This action was originally brought by Plaintiff for alleged unpaid overtime wages, failure to give a wage notice at time of hire, and failure to provide paystubs, pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. 201 et seq., and the New York Labor Law ("NYLL").

  Plaintiff was formerly employed as a kitchen helper for Defendants' restaurant. Plaintiff alleged that although he worked approximately 76 hours each week from July 2, 2014 until September 26, 2014, Defendants paid her a flat monthly rate of $1,800 and did not pay proper overtime for the hours over 40.

  If Plaintiff was to prevail on all of his FLSA claims, his unpaid wages and overtime premiums, exclusive of liquidated damages, would total approximately $5,600. Plaintiff is confident that he can prove his allegations through witness testimonies and documentary evidence.

Defendants' Answer denied all of Plaintiff's allegations of unlawful practices and policies. Specifically, Defendants deny that Plaintiff was an employee of Defendants because Plaintiff never worked for Defendants. Defendants also maintain that through objective evidence and witness testimony, they would be able to prevail on their defenses.

Nevertheless, the parties agreed on the settlement amount of $5,000.00 in order to avoid potentially significant and unanticipated burdens and expenses in establishing their respective positions through a trial.

The gross settlement amount is $5,000.00, inclusive of Plaintiffs' counsel's attorneys' fees and costs of $2,400.00 with settlement payments to Plaintiff of $2,600.00. The attorney's fees and costs are allocated as follows: $1,200.00 for fees, and $1,400.00 for costs. This reflects a reasonable compromise between the parties' dispute over Defendants' alleged violations of the FLSA. This amount also considers the costs and the uncertainty of protracted litigation. This settlement was reached after extensive negotiations between the parties' attorneys and the parties agree that the settlement is fair and reasonable. It should also be noted that during the pre-motion conference on February 5, 2018, Judge Engelmayer recommended $5,000 as a reasonable settlement amount.

Furthermore, the attached settlement agreement contains a wage hour and release only, and does not contain a confidentiality clause. Thus, the release is fully consistent with the decision in *Cheeks*.

### **Attorney's Fees**

The settlement agreement also provides for reasonable attorneys' fees. Pursuant to our firm's agreement with the Plaintiff, the firm will be reimbursed $1,400.00 in filing fees and other costs of litigation, and retain 33% of the remaining settlement amount of $3,600.00 as attorneys' fees, which is $1,200.00, as set forth in Paragraph 1 of the Settlement Agreement. Based on this firm's experience in handling FLSA and NYLL matters, this is a standard and acceptable arrangement for attorneys' fees.

The Court should find that Plaintiff's counsel's contingent fee arrangement with the Plaintiff is also fair and reasonable. Public policy favors a common fund attorney's fee award in wage and hour cases. *Frank v. Eastman Kodak Co.*, 228 FRD 174, 189 (W.D.N.Y. 2005). Fee awards in wage and hour cases provide incentive to private attorneys to prosecute the claims of those victims of such unfair practices whose wage claims might otherwise be too small to justify. *Sand v. Greenberg*, 2010 U.S. Dist. LEXIS 1120 * 9 (S.D.N.Y. Jan. 7, 2010). If such fee awards were not granted, wage and hour abuses "would go without a remedy because attorneys would be unwilling to take on the risk." *McMahon v. Olivier Cheng Catering & Events, LLC*, 2010 U.S. Dist. LEXIS 18913 *19-20 (S.D.N.Y. Mar. 2, 2010). Attorney's fees in FLSA settlements are examined "to ensure that 'the interest of plaintiffs' counsel in counsel's own compensation [did not] adversely affect the extent of the relief counsel [procured] for the clients.'" *Lliguichuzhca v. Cinema 60, LLC*, 948 F. Supp. 2d 362 at 366, 2013 U.S. Dist. LEXIS 79543 (S.D.N.Y. 2013) (quoting *Wolinsky*, 900 F. Supp. 2d at 336). Courts have found that applying the percentage-of-recovery method is sound policy as it "directly aligns the interests of the class and its counsel and provides a powerful incentive for the efficient prosecution and early resolution of litigation." *In re WorldCom, Inc*. ERISA No. 02 Civ. 4816, 2005 U.S. Dist. LEXIS 28686, at *23-24

(S.D.N.Y. Nov. 21, 2005) citing (*Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96, 121 (2d Cir. 2005)).  The percentage method also promotes early resolution, s*ee, e.g. Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96, 122 (2d Cir. 2005), and it "relieves the court of the cumbersome, enervating, and often surrealistic process of evaluating fee petitions." *Id*. (internal citations omitted). Here, the contingent fee arrangement with Plaintiffs clearly aligns Plaintiffs' and Plaintiff's counsel's interest in the outcome of the litigation.

Hang & Associates, PLLC ("Hang & Associates") represents both plaintiffs and defendants in litigating claims arising out of the employment relationship, including claims for employment discrimination, wage and hour issues, and contact disputes. While the majority of Hang & Associates' plaintiff-side work is contingency based, Hang & Associates typically calculates its attorney fees based on its hourly rate. Mr. Jian Hang, Esq., principal attorney of Hang & Associates, has over ten years of experience in the field of employment law. He currently represents plaintiffs with wage & hour claims in more than 100 lawsuits in federal and state courts and is well respected in the Flushing community. Prior to forming Hang & Associates, Mr. Hang practiced labor law at Epstein, Becker & Green, P.C. Hang & Associates focuses exclusively on employment law. Given his years of experience, and the practice's specialized focus on employment law, his hourly rate of $350 per hour is reasonable.  Hang & Associates worked on this case since its onset, including interviewing the client, conducting legal research, attending court conferences, and negotiating with opposing counsel. This case settled at the eve of trial, and had Hang & Associates been billing hourly, it would have incurred an amount far greater than $1,200.00, the attorney fees that Hang & Associates is receiving in this settlement agreement. Hang & Associates therefore believes that the attorney fees in this case is reasonable.

Counsel for Plaintiffs and Defendants respectfully submit that the Settlement Agreement is fair and reasonable, and therefore jointly request that the Court approve or so order the Settlement Agreement.

                                                Respectfully submitted,

                                                 */s/  Phillip H. Kim*
                                                Phillip H. Kim, Esq.

Cc:     All parties on record (via ECF)